# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Vardan Gukasian,

      Petitioner

v.

Kristi Noem, et al.,

      Respondents

Case No.: 2:25-cv-01697-JAD-DJA

**Order Dismissing Civil-Rights Claims in This Habeas Petition, Denying Motion to Seal, Directing Service, and Ordering Response to Petition and Motion for Temporary Restraining Order**

[ECF Nos. 1, 5, 6]

Petitioner Vardan Gukasian, a citizen of Armenia and Russia who seeks asylum in the United States, claims that he has been in immigration custody under the direction of Immigration and Customs Enforcement (ICE) at the Henderson Detention Center since February 2025.[1]  He seeks habeas relief under 28 U.S.C. § 2241, arguing that his prolonged detention pending removal violates the Fifth Amendment of the United States Constitution.[2]  He also challenges the conditions of his confinement, arguing that prison and ICE officials are providing inadequate medical care, have improperly subjected him to solitary confinement, and are limiting his ability to communicate with his attorneys in violation of the First and Fifth Amendments.  He seeks a temporary-restraining order (TRO) directing his immediate release on bail pending these proceedings.[3]

Gukasian's petition improperly raises civil-rights claims that are not cognizable in federal habeas proceedings, so I sua sponte dismiss those claims that do not directly relate to the

---

[1] ECF No. 1 at 15, ¶ 57.

[2] *Id.* at 28, ¶¶ 129–36.

[3] ECF No. 5 at 30.

duration of his confinement under relevant immigration law.  But because the allegations concerning his confinement conditions may be relevant to determine whether Gukasian is entitled to release on bail pending the conclusion of his habeas case, I do not strike those factual allegations from the complaint.  I instead direct the respondents to consider them only to the extent that they relate to Gukasian's argument that the circumstances support his immediate release.  I also direct service on the respondents and order them to respond to the narrowed habeas petition by October 13, 2025, and respond to the motion for a TRO by noon on Monday, September 29, 2025.

**Discussion**

**A.      Gukasian's claims challenging the conditions of his confinement are dismissed.**

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."[4]  But "constitutional claims that merely challenge the conditions of a [detainee's] confinement . . . fall outside" the core of habeas relief and must instead be brought as civil-rights claims under 42 U.S.C. § 1983.[5]  Gukasian's claims fall into both of these categories.  His claims that his detention is unconstitutionally punitive, he is being deprived of his ability to communicate with counsel, and the prison's medical treatment is constitutionally inadequate (his first, second, and fourth claims for relief) challenge the conditions of his confinement, not the legal basis for his detention.  So those claims sound in civil-rights law and cannot be urged through a habeas petition.  I thus sua sponte dismiss those claims without prejudice to Gukasian's ability to file a separate civil-rights complaint under § 1983 to redress those claims.  This habeas petition proceeds on only Gukasian's third claim for relief,

---

[4] *Muhammad v. Close*, 540 U.S. 649, 750 (2004).

[5] *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

challenging the duration of his detention.  And because defendant Naphcare, Inc., the health-care provider at HDC, has no authority over Gukasian's confinement, I dismiss the claim against it and terminate it as a party in this habeas case.

**B.    This court directs service of the narrowed petition and orders an expedited response to the petitioner's motion for a temporary-restraining order.**

I have conducted an initial review of Gukasian's petition, and I now direct that it be served on the respondents and set a schedule for the respondents' appearance and response.  I also direct the respondents to file an expedited response to Gukasian's TRO motion.  In that response, the respondents must address the applicable legal standards for determining whether an ICE detainee may be released pending the conclusion of habeas proceedings under these circumstances, as well as any binding legal precedent addressing the court's jurisdiction to order that relief.  Respondents need only respond to the merits of Gukasian's length-of-duration claim. Because Gukasian contends that his medical condition and inadequate treatment militate in favor of his release, respondents must respond to those arguments to the extent that they relate to his habeas claim and request for immediate release.

**C.    The court denies without prejudice Gukasian's "application" to seal.**

Gukasian (who is counseled in this case) also filed an ex parte "application" to seal exhibits to his TRO motion that contain his medical records.[6]  But Gukasian's application does not comply with this district's local rules or the applicable Ninth Circuit standards for sealing judicial records.  Under Local Rule IA 10-5(c), an attorney who files an ex parte motion to seal must file "an affidavit showing good cause why the document has not been served on the

---

[6] ECF No. 6.

opposing attorneys . . . ."[7]  Gukasian's attorney filed a declaration, but it does not address the good-cause standard.  Gukasian's motion also fails to apply the compelling-reasons standard for sealing judicial records that was articulated in *Kamakana v. City and County of Honolulu*.[8]  So I deny Gukasian's sealing motion without prejudice to his ability to refile it within 10 days and in compliance with the local rules and Ninth Circuit standards.  In the meantime, I direct the Clerk of Court to provisionally maintain the seal on those documents until further order.

### Conclusion

IT IS THEREFORE ORDERED that Petitioner **Vardan Gukasian's first, second, and fourth claims for relief are DISMISSED** because they are not cognizable in federal habeas. This dismissal is without prejudice to Gukasian's ability to bring those claims in a separate lawsuit under 42 U.S.C. § 1983.

IT IS FURTHER ORDERED that the claims against Naphcare, Inc. are DISMISSED. **The Clerk of Court is directed to TERMINATE Naphcare, Inc. as a party in this case.**

IT IS FURTHER ORDERED that **the Clerk of Court is directed to electronically SERVE copies of the petition** (ECF No. 1) **and the TRO motion** (ECF No. 5) and this order upon the remaining respondents:

- By electronically serving a copy of the petition and this order through CM/ECF on the United States Attorney for the District of Nevada under Federal Rule of Civil Procedure (FRCP) 5(b)(2)(E) by adding United States Attorney for the District of Nevada to the docket as an Interested Party and sending the documents to Sigal.Chattah@usdoj.gov.  This does not indicate acceptance of service.

---

[7] L.R. IA 10-5(c).

[8] *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–81 (9th Cir. 2006).

- By sending a copy of the petition and this order by mail under FRCP 5(b)(2)(C)

    to:

    Secretary Kristi Noem
    United States Department of Homeland Security
    2707 Martin Luther King Jr. Ave. SE
    Washington, DC 20528-0525

    Tyler Adams
    Supervisory and Detention Officer
    ICE Salt Lake City Field Office
    Suite 100
    2975 Decker Lake Drive
    West Valley City, UT 84119

    Captain Frank D'Amico
    Captain of Corrections, Henderson Detention Center
    Henderson City Attorney's Office
    240 Water Street
    Henderson, NV 89105

    Todd Lyons
    Deputy Director and Senior Official Performing the Duties of Director
    U.S. Immigration and Customs Enforcement
    United States Attorney's Office
    501 Las Vegas Blvd. South
    Suite 1100
    Las Vegas, NV 89101

    Kenneth Porter
    Assistant Field Office Director, U.S. Immigration and Customs
    Enforcement and Removal Operations
    ICE Salt Lake City Field Office
    Suite 100
    2975 Decker Lake Drive
    West Valley City, UT 84119

    Sddo Cloyde Umali
    Supervisory and Detention Officer
    ICE Salt Lake City Field Office
    Suite 100
    2975 Decker Lake Drive
    West Valley City, UT 84119

IT IS FURTHER ORDERED that **respondents must appear in this action within 5 days of the date of this order and must file and serve a response to the petition (ECF No. 1, as narrowed in this order) by October 13, 2025**, unless additional time is allowed for good cause shown.  Petitioner will have 15 days following the date that the response is filed to file and serve a reply.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to strike the summonses and proposed summonses (ECF Nos. 1-1–1-25, 4) from the docket**.

IT IS FURTHER ORDERED that Gukasian's application to file documents under seal **[ECF No. 6] is DENIED without prejudice** to his ability to refile it as a motion to seal in compliance with this district's local rules and applicable Ninth Circuit standards **within 10 days**. The Clerk of Court is directed to **PROVISIONALLY MAINTAIN THE SEAL on ECF No. 6** until further order.

IT IS FURTHER ORDERED that **respondents must file a response to Gukasian's motion for a temporary-restraining order** (ECF No. 5) **by noon on Monday, September 29, 2025**.  Any reply will be due **by noon on Friday, October 3, 2025**.

_____
U.S. District Judge Jennifer A. Dorsey
September 23, 2025

6