# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Vardan Gukasian,

　　　　Petitioner

v.

Kristi Noem, et al.,

　　　　Respondents

Case No.: 2:25-cv-01697-JAD-DJA

**Order Granting Motion to Seal**

[ECF No. 17]

　　　　Petitioner Vardan Gukasian moves to seal medical records attached to his motion for a temporary-restraining order.[1] "The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[2] "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[3] A party seeking to seal judicial records attached to dispositive motions like the injunction motions at issue here[4] can overcome the strong presumption of access by providing

---

[1] ECF No. 17. This is Gukasian's second attempt to seal these documents—I previously denied without prejudice an earlier attempt because his attorney failed to comply with Local Rule IA 10-5(c) and the Ninth Circuit's standards for sealing judicial records. ECF No. 7 at 3–4. I also note that the sealing motion purports to be an ex parte one, though it was served on the other parties. *See* ECF No. 17 at 1 ("Vardan Gukasian's Renewed *Ex Parte* Application" to seal); ECF No. 17-5 (certificate of service indicating that the motion and exhibits were served on the defendants). Counsel for Gukasian is advised that "ex parte" means that the document "is filed with the court but is not served on the opposing or other parties." L.R. IA 7-2(a). Ex parte motions are not allowed unless "specifically permitted by court order or the Federal Rules of Civil or Criminal Procedure." L.R. IA 7-2(b). Counsel is advised to cease labeling documents as "ex parte" if they are not, in fact, ex parte. Because additional requirements must be met to file a true ex parte motion, continued mislabeling may result in motions being erroneously denied.

[2] *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978)).

[3] *Id.* (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[4] For sealing purposes, the Ninth Circuit considers dispositive any motion that "is more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety v. Chrysler Grp.*

"sufficiently compelling reasons" that override the public policies favoring disclosure.[5] "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records" and "articulate a factual basis for each compelling reason to seal."[6]

I have reviewed the exhibits attached to Gukasian's motion and conclude that there are compelling reasons to seal them. They contain Gukasian's personal medical information, and his interest in keeping that information private outweighs the public's interest in accessing judicial records. So I grant Gukasian's motion to seal.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner Vardan Gukasian's motion to seal **[ECF No. 17] is GRANTED. The Clerk of Court is directed to MAINTAIN THE SEAL on ECF Nos. 6 and 17.**

_____
U.S. District Judge Jennifer A. Dorsey
October 7, 2025

---

*LLC*, 809 F.3d 1092, 1100 (9th Cir. 2016) (citations omitted). Gukasian's injunction motion meets that definition.

[5] *In re Midland*, 686 F.3d at 1118; *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

[6] *In re Midland*, 686 F.3d at 1119 (citations omitted).