**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Vardan Gukasian,

        Plaintiff/Petitioner

v.

Kristi Noem, et al.,

        Defendants/Respondents

Case No.: 2:25-cv-01697-JAD-DJA

**Order Directing Additional Briefing on Reconsideration Motion and Habeas Petition**

[ECF No. 35]

Vardan Gukasian, a citizen of Armenia and Russia, has been in immigration custody under the direction of Immigration and Customs Enforcement (ICE) at the Henderson Detention Center (HDC) since February 2025. He initiated this lawsuit by filing a "Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief," alleging that his prolonged detention and the conditions of his confinement violate the United States Constitution.[1] When I ordered the respondents to file a response to the habeas portion of Gukasian's petition, I also sua sponte dismissed his conditions-of-confinement claims, finding that those claims fall outside of the core of habeas relief and thus must be brought in a separate lawsuit.[2] Gukasian seeks reconsideration of that dismissal, pointing out that the Ninth Circuit has permitted petitioners to request equitable relief for constitutional violations alongside requests for habeas relief. The respondents do not oppose Gukasian's reconsideration motion.

Though Gukasian's contention that this court has jurisdiction to hear his conditions-of-confinement claims is correct, I am not yet convinced that those claims should be heard in the same proceeding as his habeas petition. So I direct additional briefing on this topic to give

---

[1] ECF No. 1.

[2] ECF No. 7 at 2–3.

Gukasian the opportunity to address my concerns before I rule on the motion for reconsideration. And because Gukasian changed his request for relief in his reply brief in support of his habeas petition, I order the government to file a sur-reply to the petition addressing whether that change affects the legal analysis on the merits of his habeas claim.

**Discussion**

**A.    The court requires additional briefing to resolve Gukasian's reconsideration motion.**

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it still has jurisdiction.[3]  This court's local rule 59-1 contemplates reconsideration of an interlocutory order if "(1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law."[4]

Gukasian contends that dismissing his conditions-of-confinement claims was error because the "binding Ninth Circuit precedent conveys jurisdiction to hear [his] claims."[5]  In *Roman v. Wolf*, a group of civil detainees in ICE custody at the Adelanto Immigration and Customs Enforcement Processing Center filed a class-action lawsuit against the prison for unconstitutional conditions of confinement during the early days of the COVID-19 pandemic.[6] They alleged that the conditions they suffered violated the U.S. Constitution and warranted

---

[3] *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); L.R. 59-1.

[4] L.R. 59-1(a).

[5] ECF No. 35 at 5, ¶ 13.

[6] *Roman v. Wolf*, 977 F.3d 935, 938 (9th Cir. 2020).

habeas relief.  The district court issued a preliminary injunction ordering ICE to reduce the population at Adelanto to help slow the virus's spread.  ICE appealed, arguing "that a district court on habeas review may not order reductions in the number of detainees held at a facility, or any other injunctive relief, to remedy unconstitutional conditions of confinement."[7]

The Ninth Circuit rejected that argument because "separately from their habeas petition, Plaintiffs brought a class-action complaint for declaratory and injunctive relief seeking to remedy allegedly unconstitutional violations at Adelanto."[8]  And because "an implied cause of action exists for Plaintiffs to challenge allegedly unconstitutional conditions of confinement," the district court had jurisdiction to hear those challenges and the "authority to grant the types of relief sought."[9]  Gukasian points to this conclusion to argue that he is permitted to bring a habeas claim along with his constitutional claims for declaratory and injunctive relief.  He asks that this court "revive [his] dismissed claims . . . and order Respondents-Defendants to respond to the claim on the merits."[10]  The respondents do not oppose that motion.[11]

I am not yet convinced that *Roman* requires this court to consider Gukasian's claims in one case.  I never concluded that this court lacked jurisdiction to hear Gukasian's conditions-of-confinement claims.  I instead found that those claims do not sound in habeas and need to be brought in a separate case.  Part of the reasoning behind this decision was judicial economy and efficiency.  The procedural tracks of those two cases are very different.  A habeas petition is usually limited to one round of briefing on the merits of the petition itself and the parties don't

---

[7] *Id.* at 941.

[8] *Id.*

[9] *Id.*

[10] ECF No. 35 at 8.

[11] ECF No. 38.

engage in a discovery period. A civil-rights case, on the other hand, typically follows the structure laid out in the Federal Rules of Civil Procedure, complete with a pleadings stage in which the defendant may answer or move to dismiss the complaint, a several-month discovery period, a dispositive-motions stage, and a trial. Simply put, due to the procedural incongruities of these two actions, it doesn't necessarily benefit judicial economy to pursue both types of claims in one proceeding. And it's not clear that Gukasian's claims need to be tried together. Gukasian's reply asked for the limited relief that the court order a new bond hearing in which the immigration judge is required to consider "deteriorating health and length of confinement as relevant bail factors."[12] That relief does not rely on, and has nothing to do with, the conditions-of-confinement claims that Gukasian advances.

In the cases that Gukasian cites in support of combining a petition for habeas corpus with a complaint for declaratory relief, the basis of each type of claim was the same. In the COVID-19 cases, for example, the plaintiffs' claim that the execution of their detention and the conditions of their confinement were unconstitutional stemmed from the same set of facts: the rampant spread of a virus due to inadequate policies to prevent it.[13] The same common nucleus does not appear to be present in Gukasian's case. Rather he advances two distinct sets of claims: one related to the length of his detention and his request for another bond hearing that takes his health issues into account, and one related to the treatment that he alleges he received in prison. The relief that Gukasian would be entitled to under each claim type is also different. His habeas claim could result in his release or a new bond hearing, but his civil-rights claims, if ultimately

---

[12] ECF No. 36 at 3.

[13] *See Roman*, 977 F.3d at 939; *Romero-Lorenzo v. Koehn*, 2021 WL 12299041, at *1–3 (D. Ariz. Feb. 19, 2021); *see also Ortega v. Kaiser*, 2025 WL 2243616, at *5 (N.D. Cal. Aug. 6, 2025) (addressing similar claims related to petitioner's removal proceedings).

1 meritorious, would at most warrant an injunction requiring ICE and HDC to fix the allegedly

2 unconstitutional conditions.[14]

3       But I acknowledge that Gukasian has not been given the opportunity to respond to this

4 court's procedural concerns about advancing all his claims in one action.  So I give him one

5 more opportunity to address them before I rule on his motion for reconsideration.  In a

6 supplemental brief of no more than 10 pages, Gukasian should address (1) how he would

7 anticipate this case to proceed on his conditions-of-confinement claims and (2) why all his

8 claims must be tried together.  He must also address whether reviving his claims would require

9 that the now-complete briefing on the habeas portion of his complaint/petition be supplemented

10 or re-briefed.

11 **B.    The court requires additional briefing to resolve Gukasian's habeas petition.**

12       Though Gukasian originally sought release from detention in his habeas petition, he

13 changed that request in his reply brief.   He now asks that the court order a new "bond hearing to

14 take place before an immigration judge that (a) requires the immigration judge to weigh his

15 deteriorating health and length of confinement are relevant bail factors, (b) places the burden of

16 proof on the government by clear and convincing evidence, and (c) requires the immigration

17 judge to explicitly consider the availability of alternative conditions of release."[15]  Gukasian

18

19

---

20 [14] The cases arising out of the COVID-19 pandemic, in which some courts held that
unconstitutional conditions of confinement can warrant release, are materially distinguishable.
21 The fact that COVID spread through close contact with others specifically warranted reducing
overcrowded prison conditions, which would require some prisoners to be released.  Gukasian's
22 allegations concerning the conditions he has experienced while detained do not present the same
challenges and could be addressed through alternative injunctive relief that would likely not
23 require his release.

[15] ECF No. 36

contends that this narrowed prayer for relief changes the calculus of the merits of his claim under the *Mathews v. Eldridge*[16] procedural-due-process test.

Because Gukasian raised this request and related arguments for the first time in his reply brief, the government was deprived of the opportunity to respond to it. Normally parties are not permitted to raise new arguments in reply briefs, and Gukasian is cautioned that such late points will be disregarded in the future. But because Gukasian's reply arguments change the scope of these proceedings, I will consider them only after the government has an opportunity to respond. So I direct the government to file a sur-reply addressing Gukasian's argument that relief in the form of another bond hearing before the immigration judge changes the merits analysis of his procedural-due-process claim. The government may also raise any arguments concerning the legal authority of this court to order the relief that Gukasian seeks.

**Conclusion**

IT IS THEREFORE ORDERED that Vardan Gukasian must file a supplemental brief of no more than 10 pages addressing (1) how he would anticipate this case to proceed on his conditions-of-confinement claims, (2) why all those claims must be tried together, and (3) whether reviving those claims would require that the now-complete briefing on the habeas portion of his complaint/petition be supplemented or re-briefed, by **December 15, 2025**.

---

[16] *Mathews v. Eldridge*, 424 U.S. 319 (1976).

IT IS FURTHER ORDERED that the government must file a sur-reply addressing Gukasian's arguments related to his request for a new bond hearing before an immigration judge by **December 15, 2025**. No further briefing will be permitted without leave of court.

_____
U.S. District Judge Jennifer A. Dorsey
December 4, 2025