**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Vardan Gukasian,

        Plaintiff/Petitioner

v.

Kristi Noem, et al.,

        Defendants/Respondents

Case No.: 2:25-cv-01697-JAD-DJA

**Order Granting Motion for Reconsideration and Reviving Dismissed Claims**

[ECF No. 35]

Vardan Gukasian, a citizen of Armenia and Russia, has been in immigration custody under the direction of Immigration and Customs Enforcement (ICE) at the Henderson Detention Center (HDC) since February 2025. He initiated this lawsuit by filing a "Petition for Writ of Habeas Corpus and Complaint for Injunctive and Declaratory Relief," alleging that his prolonged detention and the conditions of his confinement violate the United States Constitution.[1] When I ordered the respondents to file a response to the habeas portion of Gukasian's petition, I also sua sponte dismissed his conditions-of-confinement claims, finding that those claims fall outside of the core of habeas relief and thus must be brought in a separate lawsuit.[2] Gukasian seeks reconsideration of that dismissal, pointing out that the Ninth Circuit has permitted petitioners to request equitable relief for constitutional violations alongside requests for habeas relief. The respondents do not oppose Gukasian's reconsideration request.

I grant Gukasian's motion. Though it was within the court's discretion to order that this case proceed only as a habeas case, Gukasian has shown that it would benefit judicial economy to allow him to pursue his civil-rights claims in the same forum. So I vacate my prior order to

---

[1] ECF No. 1.

[2] ECF No. 7 at 2–3.

the extent that it dismisses Gukasian's first, second, and fourth claims for relief, and I order the respondents to file an answer or other responsive pleading by June 1, 2026. Those claims will proceed on the standard litigation track.

### Discussion

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it still has jurisdiction.[3] This court's local rule 59-1 contemplates reconsideration of an interlocutory order if "(1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law."[4]

Gukasian initially contended that dismissing his conditions-of-confinement claims was error because the "binding Ninth Circuit precedent conveys jurisdiction to hear [his] claims."[5] In a December 4, 2025, order, I explained that I did not dismiss Gukasian's conditions-of-confinement claims for lack of jurisdiction—I did so because habeas and civil-rights claims proceed on vastly different procedural tracks and I believed it would not benefit judicial economy and efficiency to resolve both issues in one case.[6] I ordered Gukasian to submit supplemental briefing responding to that concern.[7]

---

[3] *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); L.R. 59-1.

[4] L.R. 59-1(a).

[5] ECF No. 35 at 5, ¶ 13.

[6] ECF No. 40.

[7] *Id.*

Gukasian now argues that judicial economy and his own resources would be preserved by permitting him to prosecute both actions in one case.[8]  He notes that the habeas portion of his case is effectively complete—the parties have filed their briefs and merely await the court's ruling.  He argues that this court may simply set an answer deadline for the respondents to set the remaining civil-rights claims on a standard litigation track.  That method is preferrable to Gukasian because initiating a new case would require that he re-serve all the same defendants and absorb the costs of having his out-of-state counsel reapply for pro hac vice status in another case.  And he notes that, though the relief sought in his habeas and civil-rights claims are different, the claims both stem from his confinement and rely on several overlapping facts.

I exercise my discretion to grant Gukasian's motion for reconsideration.  Though I do not find that his cases need to be tried together, there is no jurisdictional reason why they must proceed separately.  And allowing Gukasian to proceed on all of his claims eliminates the need for him to redo some of the work already done to file this case.  The respondents don't oppose this course of action, and I find that they would suffer no prejudice if these issues are tried in the same case.  So I grant Gukasian's motion, vacate my prior order dismissing his conditions-of-confinement claims, and order the respondents/defendants to file an responsive pleading to Gukasian's first, second, and fourth claims for relief.  And because Gukasian paid only the $5 filing fee applicable to habeas cases, I also order that he pay the $405 filing fee for standard civil cases.  Gukasian's civil-rights claims will governed by the litigation timeline established by the Federal Rules of Civil Procedure and this court's local rules.

---

[8] *See* ECF No. 47.

**Conclusion**

IT IS THEREFORE ORDERED that Vardan Gukasian's motion to reconsider **[ECF No. 35] is GRANTED**.  The court's September 23, 2025, order is VACATED to the extent that it dismissed Gukasian's first, second, and fourth claims for relief.

IT IS FURTHER ORDERED that Gukasian must pay $405 to the Clerk of Court as a filing fee for his civil-rights case.

IT IS FURTHER ORDERED that the respondents must file a responsive pleading to Gukasian's civil-rights claims by **June 1, 2026**.  Those claims will proceed on the standard litigation track.

_____
U.S. District Judge Jennifer A. Dorsey
May 11, 2026

4